UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

**DOROTHY TUCKER**                                         Case No.

        Plaintiff,

v.

**AETNA LIFE INSURANCE COMPANY,**

A Foreign Corporation,

        Defendant.

## COMPLAINT

The Plaintiff, DOROTHY TUCKER, by and through undersigned counsel, hereby sues AETNA LIFE INSURANCE COMPANY ("AETNA") and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., specifically §1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in the United States District Court for the Southern District of Florida, where the breach of the employee benefits contract between the parties took place.

4. Defendant AETNA is a foreign corporation engaged in the business of

insurance in Palm Beach County, Florida.

5. At all times material hereto, the Plaintiff Ms. Tucker was covered by a long-term disability insurance policy underwritten and administered by Defendant AETNA through an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1) sponsored by her employer, which provided disability insurance benefits and other valuable benefits. A copy of the long term disability insurance policy and summary plan description is attached hereto as Exhibit "A."

6. AETNA was a "fiduciary" within the meaning of 29 U.S.C. §1104 of the employee benefit plan established by Plaintiff's employer at all times material to this action and may be sued under ERISA as an entity pursuant to 29 U.S.C. §1132(d)(1).

7. Defendant AETNA makes the final decision to deny claims under the long-term disability insurance policy and bore the ultimate responsibility for paying long-term disability benefits, creating an inherent conflict of interest between AETNA's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

8. Defendant AETNA has a substantial conflict of interest and its decision to deny the benefits at issue was substantially influenced by its conflict of interest.

9. Defendant AETNA has failed to apply the provisions of the LTD policy consistently with respect to similarly situated claimants.

10. Defendant's notice of denial failed to comply with 29 CFR 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

11. Defendant's plan documents fail to comply with 29 CFR 2560.503-1 as well as the "full and fair review" provisions of ERISA.

12. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR 2560.503-1(j).

13. Defendant has failed to comply with the provisions of 29 CFR 2560.503-1(b), 29 CFR 2560.503-1(f), 29 CFR 2560.503-1(g), 29 CFR 2560.503-1(h), and 29 CFR 2560.503-1(I) in its administration of Plaintiff's claim.

14. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

15. A copy of this Complaint is contemporaneously filed with the Secretary of

3

Labor.

## COUNT ONE
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against AETNA

16. Plaintiff realleges and reavers paragraphs 1 through 15 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

17. Plaintiff was and is "disabled," as the term is defined in the long-term disability insurance policy funded and administered by AETNA at all times material hereto.

18. Defendant AETNA has failed and refused to pay the Plaintiff sums due pursuant to the long-term disability insurance policy funded and administered by AETNA, at all times material hereto.

19. Defendant AETNA has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1 and has denied coverage under the terms of the long-term disability plan.

20. The Plaintiff is accordingly entitled to present evidence of disability under the _de novo_ standard to this Honorable Court.

21. The Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Ms. Tucker, prays for relief from Defendant AETNA for benefits due pursuant to the long-term disability insurance policy funded and

4

administered by Defendant AETNA LIFE INSURANCE COMPANY pursuant to 29 U.S.C. §1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. §1132 (g), and such other relief as the Court may deem appropriate.

## COUNT TWO
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. §1132 (a)(1)(B)
### Against AETNA

22.     Plaintiff realleges and reavers paragraphs 1 through 15 of this Complaint, incorporating the same by reference as if specifically restated therein.

23.     Plaintiff is entitled to long-term disability benefits pursuant to the long-term disability insurance policy which is the subject of this action.

24.     Defendant AETNA has denied that Plaintiff is entitled to long-term disability insurance benefits.

25.     Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to benefits subject to insurance policies governed by ERISA like the one in this action.

26.     Defendant AETNA has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1.

27.     The Plaintiff, Ms. Tucker, is entitled to a declaration that her long-term disability insurance benefits are payable under the long-term disability insurance policy in this action, and is entitled to present evidence of her disability to this effect under the de novo standard.

**WHEREFORE**, the Plaintiff, Ms. Tucker, prays for a declaration that she is entitled to reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by AETNA LIFE INSURANCE COMPANY, along with any ancillary benefits to which she may be entitled as a result of a declaration of her right to same, pursuant to §1132 (a)(1)(B) plus interest, costs, attorney's fees as authorized by 29 U.S.C. §1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

_____
William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff